CARL ORRIN DENSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Densch v. Commissioner
Docket No. 7948-81.
United States Tax Court
T.C. Memo 1983-100; 1983 Tax Ct. Memo LEXIS 691; 45 T.C.M. (CCH) 783; T.C.M. (RIA) 83100; February 14, 1983. Carl Orrin Densch, pro se. Paul J. Dee, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial, pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 et seq. of this Court's Rules of Practice and Procedure. The Court agrees with and adopts his opinion which is set out herein below. *692 OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $1,663 in petitioner's 1977 Federal income tax. The sole issue for decision is whether petitioner is entitled to deduct as educational expenses under section 162, payments for flight training expenses for which petitioner received nontaxable reimbursement from the Veterans Administration. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner and his wife resided in West Franklin, New Hampshire, at the time the petition was filed in this case. They timely filed a joint Federal income tax return for the year 1977. During 1977 petitioner was employed as a commercial airline pilot by American Airlines, Inc. During 1977 petitioner enrolled in a course offered by National Jet Industries, Inc., in order to receive an airline transport pilot certificate. Petitioner incurred educational expenses of $5,974.50 in connection with the course. As a result of prior military service, petitioner was eligible for veteran's benefit payments pursuant to 38 U.S.C. sec. 1677 *693 (1976). Therefore, petitioner received $5,377.05 as reimbursement for a portion of the cost of the course. Because the reimbursement is exempt from tax under 38 U.S.C. sec. 3101(a) (1976), petitioner did not include it as income on his 1977 return.
Petitioner deducted the entire cost of the course on his 1977 return. Respondent allowed petitioner an educational expense deduction for the unreimbursed portion of the cost of the course under section 1.162-5, Income Tax Regs. Respondent disallowed, however, the portion of the expense which was reimbursed by the Veterans Administration. OPINION In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), this Court dealt with this identical issue under virtually the same facts. We held that section 265 prohibits the deduction of such reimbursed expenses. In the instant case, petitioner is presenting the same arguments that we considered and rejected in Manocchio, e.g., the effect of 38 U.S.C. sec. 3101(a); Rev. Rul. 62-213, 1962-2 C.B. 59; and Rev. Rul. 80-173, 1980-2 C.B. 60. Therefore, inasmuch as Manocchio *694 is indistinguishable from the instant case, it is dispositive of petitioner's claim.[2]
Accordingly, respondent is sustained on this issue. To reflect a concession by respondent with respect to petitioner's deduction for sales taxes, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Heft v. Commissioner,T.C. Memo. 1982-444; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner, T.C. Memo. 1982-349↩.